The information available on Case.net is provided as a service and is not considered an official court record.


Case.net: 24DE-AC00321 - NATHAN G WOODS V UNITED STATES POSTAL SERVICE - Case Header

| | |
|---|---|
| **Judge/Commissioner Assigned** | KELSAW, NATHAN THOMAS |
| **Date Filed** | 11/19/2024 |
| **Location** | Dent Circuit Division |
| **Case Type** | AC Breach of Contract |
| **Disposition** | Default Judgment |
| **Date of Disposition** | 05/13/2025 |
| **Judge/Commissioner At Disposition** | KELSAW, NATHAN THOMAS |
| **Financial Information** | |

Case.net:24DE-AC00321 - NATHAN G WOODS V UNITED STATES POSTAL SERVICE (E-CASE) - Docket Entries

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending **Display options:** All Entries

**08/04/2026**

**Sound Recording Log Sheet**

**Order to Vacate/Set Aside**

**Filed By:** NATHAN THOMAS KELSAW
**Associated Entries: 12/11/2025 -**
**Motion to Set Aside**
+

**Case Review Scheduled**
for proof of removal
**Scheduled For:** 08/25/2026; 10:00 AM; NATHAN THOMAS KELSAW; Dent Circuit Division

**Motion Hearing Held**
Cause called. Plaintiff appears by counsel Mr. Fels. Defendant appears by counsel Mr. Llewellyn. Hearing held. Motion to Set Aside is sustained. Cause passed to August 25, 2026 at 10:00 a.m. for proof of removal.
**Associated Entries: 07/08/2026 - Motion Hearing Scheduled** +
**Scheduled For:** 08/04/2026; 1:00 PM; NATHAN THOMAS KELSAW; Dent Circuit Division

**07/08/2026**

**Motion Hearing Scheduled**
For Defendants Motion to Set Aside Judgment
**Associated Entries: 08/04/2026 - Motion Hearing Held** +
**Scheduled For:** 08/04/2026; 1:00 PM; NATHAN THOMAS KELSAW; Dent Circuit Division

**Notice of Hearing Filed**
Notice of Hearing.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS

**04/09/2026**

**Reply**
Reply to Plaintiffs Suggestions in Opposition to Defendants Motion to Set Aside Default Judgment; Electronic Filing Certificate of Service.
**Filed By:** NICHOLAS PATRICK LLEWELLYN
**On Behalf Of:** UNITED STATES POSTAL SERVICE

**03/09/2026**

**CRIFS/Unredacted Document**
CRIFS - Suggestion in Opposition to Defendants Motion to Set Aside Default Judgment; Suggestions in Opposition to Defendants Motion to Set Aside Default Judgment in associated to Opposition filed on 03/09/2026.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS
**Associated Entries: 03/09/2026 -**
**Suggestions in Opposition**
+

**Suggestions in Opposition**
REDACTED - Suggestions in Opposition to Defendant's Motion to Set Aside Default Judgment.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS
**Associated Entries: 03/09/2026 -**
**CRIFS/Unredacted Document**
+

**12/11/2025**

**Motion to Set Aside**
Defendant United States Motion to Set Aside Default Judgment; Electronic Filing Certificate of Service.
**Filed By:** NICHOLAS PATRICK LLEWELLYN
**On Behalf Of:** UNITED STATES POSTAL SERVICE
**Associated Entries: 08/04/2026 - Order to Vacate/Set Aside**

**06/27/2025**

**Judge/Clerk - Note**
Mailed certified copy of Judgment to Legal Services of Southern Missouri at 3130 S. Delaware Ave., Springfield MO 65807.

**Request for Records Filed**
Letter to Court requesting certified judgment.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS

**05/14/2025**

**Judge/Clerk - Note**
Certified copy of Judgment is mailed to Defendant at address on file.

**05/13/2025**

**Judgment Entered**
Judgment rendered for the Plaintiff and against the Defendant in the amount of $3,514.48 plus costs. Interest to accrue at the rate of 9% per annum. JUDGMENT EXPIRES: May 13, 2035

**Default Judgment**
Cause called. Plaintiff appears in person with counsel Mr. Fels. Defendant, although properly served, appears not and is in default. Cause submitted by verified petition. Judgment entered.

**Motion Hearing Held**

**Associated Entries: 04/07/2025 - Motion Hearing Scheduled** +
**Scheduled For:** 05/13/2025; 1:00 PM; NATHAN THOMAS KELSAW; Dent Circuit Division

**04/07/2025**

**Motion Hearing Scheduled**
for Motion for Default Judgment
**Associated Entries: 05/13/2025 - Motion Hearing Held**
**Scheduled For:** 05/13/2025; 1:00 PM; NATHAN THOMAS KELSAW; Dent Circuit Division

**Notice of Hearing Filed**
Notice of Hearing.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS

**Motion for Default Judgment**
Motion for Default Judgment.
**Filed By:** MARK C FELS
**On Behalf Of:** NATHAN GALE WOODS

**02/03/2025**

**Corporation Served**

Document ID - 24-SMOS-57; Served To - UNITED STATES POSTAL SERVICE; Served Date - 01/02/2025; Served Time - 16:02:00; Service Type - OS; Reason Description - SERV; Service Text -Served to: Rolanda Richardson, Executive Legal Admin

**Notice of Service**

Served Summons - USPS.

**Filed By:** MARK C FELS

**12/06/2024**

**Summ Issd- Assc Pers Serv O/S**

Document ID: 24-SMOS-57, for UNITED STATES POSTAL SERVICE APLT is responsible for service.

**Summ Req-Assc Pers Serv O/S**

Summons Request.

**Filed By:** MARK C FELS

**On Behalf Of:** NATHAN GALE WOODS

**12/05/2024**

**Order - Special Process Server**

Order for Special Process Server MARQUIS HARRIS ONLY.

**Note to Clerk eFiling**

**Filed By:** MARK C FELS

**Motion Special Process Server**

Motion for Order Appointing Special Process Server; Proposed Order Appointing Special Process Server.

**Filed By:** MARK C FELS

**On Behalf Of:** NATHAN GALE WOODS

**11/19/2024**

**Filing Info Sheet eFiling**

**Note to Clerk eFiling**

**Confid Filing Info Sheet Filed**

Confidential Case Filing Information Sheet.

**On Behalf Of:** NATHAN GALE WOODS

**Cert of Inability to Pay Filed**

Certificate of Inability to Pay Costs, Fees, and Expenses.

**On Behalf Of:** NATHAN GALE WOODS

**Petition Filed - No Fees**

Petition; Exhibit A - The Offer.

**On Behalf Of:** NATHAN GALE WOODS

Electronically Filed - DENT CIRCUIT DIVISION - November 19, 2024 - 11:00 AM

**24DE-AC00321**

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | **Case No.** |
| Postmaster General Louis DeJoy | ) | |
| 475 L'Enfant Plaza SW | ) | |
| Washington, D.C. 20260-0010, | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION**

COMES NOW Plaintiff Narthan G. Woods, by and through his attorney, Mark C. Fels of Legal Services of Southern Missouri, and states as follows:

1. Plaintiff is an individual residing in Dent County, Missouri.

2. Defendant is an agency of the United States of America.

3. On or about October 11, 2022, Plaintiff received an offer of employment from Defendant for a "full-time, career position" of Rural Carrier Associate, at a pay rate of $30.50 per hour ("the Offer"). A copy of the Offer is attached hereto as Exhibit A and by this reference incorporated herein.

4. Plaintiff accepted the Offer within the specified three-day acceptance period and in accordance with all other requirements contained in the Offer, as a result of which a contract of employment was formed between the parties ("the Contract").

Electronically Filed - DENT CIRCUIT DIVISION - November 19, 2024 - 11:00 AM

5. Pursuant to Section 434.4 of Defendant's Employee and Labor Relations Manual, Issue 53, September, 2022, Plaintiff was entitled to eight (8) hours of holiday pay for each of the following holidays, at the contract rate of $30.50 per hour: Thanksgiving Day 2022, Christmas Day 2022, New Year's Day 2023, and Martin Luther King Jr.'s Birthday 2023, for total holiday pay of $976.00.

6. Although the Offer which Plaintiff accepted provided for a rate of pay of $30.50 per hour, Plaintiff was paid substantially less than that in all the paychecks he received, for a total shortage of not less than $3,514.48, including holiday pay, this amount being subject to more precise calculation through discovery.

7. The Offer also contained the following:

> You may be required to provide a vehicle sufficient in size for delivery of mail if an employer-provided vehicle is not assigned. If required to provide your own vehicle, RCAs will receive an Equipment Maintenance Allowance.

8. Although a "Notice of Personnel Action" dated November 25, 2022, stated on line 47: "RURAL CARR-EMA G-GOVERNMENT VEHICLE," indicating that Defendant would provide Plaintiff with a vehicle, Plaintiff was not consistently provided a government vehicle and was required to use his own vehicle but did not receive all the Equipment Maintenance Allowance to which he was entitled.

9. Defendant terminated Plaintiff's employment on January 20, 2023, without prior notice.

Electronically Filed - DENT CIRCUIT DIVISION - November 19, 2024 - 11:00 AM

10. Defendant breached the Contract by failing to pay Plaintiff all sums due him under the Contract, as a result of which Plaintiff is entitled to damages in an amount not less than $3,514.48, subject to more precise calculation through discovery.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount not less than $3,514.48, subject to more precise calculation through discovery; for his costs incurred herein; and for such other and further relief as the Court deems just and proper in the premises.

*s/ Mark C. Fels*
Mark C. Fels, MoBar No. 33271
Legal Services of Southern Missouri
809 North Campbell Avenue
Springfield, Missouri 65802-3820
Telephone: (417) 841-3323
Facsimile: (417) 881-2159
mfels@lsosm.org
Attorney for Plaintiff

STATE OF MISSOURI )
) ss

Electronically Filed - DENT CIRCUIT DIVISION - November 19, 2024 - 11:00 AM

COUNTY OF DENT )

The affiant, the Plaintiff herein, being duly sworn upon his oath, deposes and says that the facts stated in the foregoing Petition are true and correct according to the best of affiant's knowledge, belief, and information.

Nathan G. Woods
Plaintiff

Subscribed and sworn before me this 23rd day of October, 2024.

My Commission Expires:

CAROL N. EDWARDS
Notary Public - Notary Seal
STATE OF MISSOURI
Dent County
My Commission Expires: Aug. 31, 2027
Commission # 15234875

Notary Public

Electronically Filed - DENT CIRCUIT DIVISION - November 19, 2024 - 11:00 AM

**24DE-AC00321**

Nathan G. Woods vs. United States Postal Service, Dent County Case

23W-2146336

# Certificate of Inability to Pay Costs, Fees, and Expenses

LEGAL SERVICES OF SOUTHERN MISSOURI does hereby certify that:

Nathan Woods

is represented by counsel working under the auspices of LEGAL SERVICES OF SOUTHERN MISSOURI and that

Nathan Woods

is unable to pay the costs, fees and expenses necessary to prosecute or defend this action.

LEGAL SERVICES OF SOUTHERN MISSOURI is a not-for-profit Missouri Corporation providing legal services to the poor and is funded in substantial part by money appropriated by the General Assembly of the State of Missouri. This certificate is provided pursuant to Section 514.040.3 of the Revised Statutes of Missouri.

LEGAL SERVICES OF SOUTHERN MISSOURI

by ______________________

Amanda M. Pearl, Regional Director

STATE OF MISSOURI )
) ss.
County of Greene )

Subscribed and sworn to before me this 18 day of NOV, 2024.

______________________
Notary Public

My Commission Expires: 12/27/26

ELIZABETH K. FLEMING
MY COMMISSION EXPIRES DEC. 27, 2026
NOTARY SEAL
COMM# 14394188
GREENE COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

Electronically Filed - DENT CIRCUIT DIVISION - December 05, 2024 - 02:00 PM

# IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | **Case No. 24DE-AC00321** |
| Postmaster General Louis DeJoy | ) | |
| 475 L'Enfant Plaza SW | ) | |
| Washington, D.C. 20260-0010, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR ORDER APPOINTING SPECIAL PROCESS SERVER

**COMES NOW** the Petitioner, by and through his attorney, Mark C. Fels, of Legal Services of Southern Missouri, and hereby requests that **Marquis Harris with Super Serve Process Service and Courier, LLC, 1526 Ralworth Road, Baltimore, MD 21218**, be appointed to serve as special server in the above-styled case.

*s/ Mark C. Fels*
Mark C. Fels, MoBar No. 33271
Legal Services of Southern Missouri
809 North Campbell Avenue
Springfield, Missouri 65802-3820
Telephone: (417) 841-3323
Facsimile: (417) 881-2159
mfels@lsosm.org
Attorney for Plaintiff

Electronically Filed - DENT CIRCUIT DIVISION - December 05, 2024 - 02:00 PM

# IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI

| | | |
|---|---|---|
| **NATHAN G. WOODS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES POSTAL SERVICE,**<br>Postmaster General Louis DeJoy<br>475 L'Enfant Plaza SW<br>Washington, D.C. 20260-0010,<br><br>**Defendant.** | ) | **Case No. 24DE-AC00321** |

## ORDER APPOINTING SPECIAL PROCESS SERVER

Under Missouri Supreme Court Rule, and upon request of Petitioner, **Marquis Harris, Super Serve Process Service and Courier, LLC** whose address is 1526 Ralworth Road, Baltimore, MD 21218, is hereby appointed to serve process in the above case. This appointment does not confer any power or authority as a peace officer and firearms may not be carried by the above-named process server.

After due consideration, the Court finds that **Marquis Harris,** is qualified to serve process and hereby orders and authorizes the above-named person to serve the citation, summons or notice upon the above-described Defendant, United States Postal Service, Postmaster General Louis DeJoy, and make due return thereof.

Signed this 5th day of December, 2024.

/S/ Katlin Butler, Deputy Clerk
Clerk

Electronically Filed - DENT CIRCUIT DIVISION - December 06, 2024 - 09:46 AM

LSSM
PROVIDING QUALITY LEGAL AID

Legal Services of Southern Missouri
Springfield Office
3130 S. Delaware Ave.
Springfield, MO 65807

T 417.881.1397 T 800.444.4863
F 417.881.2159 F 877.686.9367

www.lsosm.org

December 6, 2024

Dent County Circuit Court Clerk
VIA E-filing only

**RE: Nathan G. Woods vs. United States Postal Service**
**Dent County Case Number: 24DE-AC00321**

Dear Clerk:

Please prepare a summons for service on United States Postal Service, Postmaster General Louis DeJoy, 475 L'Enfant Plaza SW, Washington, DC 20260-0010.

If you have any questions, please do not hesitate to contact me. My direct number is 417-986-7725.

Sincerely,

*Kellye Fleming*

Kellye Fleming
Paralegal to Mark Fels, Attorney at Law
Kellye.fleming@lsosm.org

/kf

LSC Legal Services of Southern Missouri is proud to be a Legal Services Corporation (LSC) grantee. We may not expend any funds for any activities prohibited by the LSC Act. The LSC Act and regulations may be viewed at www.lsc.gov.

# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 42ND JUDICIAL CIRCUIT, DENT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>NATHAN THOMAS KELSAW | **Case Number: 24DE-AC00321** | |
| Plaintiff/Petitioner:<br>**NATHAN GALE WOODS**<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK C FELS<br>809 NORTH CAMPBELL AVENUE<br>SPRINGFIELD, MO 65802 | |
| Defendant/Respondent:<br>**UNITED STATES POSTAL SERVICE**<br>Nature of Suit:<br>AC Breach of Contract | Court Address:<br>DENT COUNTY COURTHOUSE<br>SALEM, MO 65560 | (Date File Stamp for Return) |

**The State of Missouri to**: **UNITED STATES POSTAL SERVICE**

**POSTMASTER GENERAL LOUIS DEJOY**
**475 L'ENFANT PLAZA SW**
**WASHINGTON, DC 20260-0010**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***DENT COUNTY***

06-DEC-2024
Date

/s/ Laura Chounard
Clerk

**Further Information:**

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ________________ of ________________ County, ________ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with ________________, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to: ________________ (name) ________________(title).
   - ☐ other: ________________.

Served at ________________ (address) in ________________ (County), ________ (state), on ________(date) at ______ (time).

________________ Printed Name of Officer or Server

________________ Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) ________ (month), ______ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

________________ Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | **$________** |

See the following page for directions to officer making return on service of summons.

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Case: 4:26-cv-01264-CMS Doc. #: 1-5 Filed: 08/07/26 Page: 16 of 44 PageID #: 25

Electronically Filed - DENT CIRCUIT DIVISION - February 03, 2025 - 02:55 PM

Return Copy

# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 42ND JUDICIAL CIRCUIT, DENT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>NATHAN THOMAS KELSAW | Case Number: **24DE-AC00321** | |
| Plaintiff/Petitioner:<br>**NATHAN GALE WOODS**<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARK C FELS<br>809 NORTH CAMPBELL AVENUE<br>SPRINGFIELD, MO 65802 | |
| Defendant/Respondent:<br>**UNITED STATES POSTAL SERVICE** | Court Address:<br>DENT COUNTY COURTHOUSE<br>SALEM, MO 65560 | (Date File Stamp for Return) |
| Nature of Suit:<br>AC Breach of Contract | | |

**The State of Missouri to: UNITED STATES POSTAL SERVICE**

**POSTMASTER GENERAL LOUIS DEJOY**
**475 L'ENFANT PLAZA SW**
**WASHINGTON, DC 20260-0010**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***DENT COUNTY***

06-DEC-2024
Date

/s/ Laura Chounard
Clerk

**Further Information:**

Electronically Filed - DENT CIRCUIT DIVISION - February 03, 2025 - 02:55 PM

Case Number: 24DE-AC00321

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Marqnis Harris of Baltimore City County, Maryland (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode/permanent residence of the defendant/respondent with ______, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: United Postal Service (name) Rolanda Richardson (title).

☐ other: Executive legal Admin.

Served at 475 Lenfant Plaza SW, Washington DC (address) in Washington (County), DC (state), on 1/02/2025 (date) at 4:02pm (time).

Marqnis Harris
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Subscribed and sworn to** before me this 28th (day) January (month), 2025 (year).

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☑ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

FRANK R ERNEST
Notary Public
Harford County
Maryland
My Commission Expires Sept. 01, 2028

[signature] Notary Public
Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $.______ per mile) |
| **Total** | $______ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - DENT CIRCUIT DIVISION - February 03, 2025 - 02:55 PM

Case Number: 24DE-AC00321

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Electronically Filed - DENT CIRCUIT DIVISION - April 07, 2025 - 09:58 AM

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 24DE-AC00321** |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiff Nathan G. Woods, by and through his undersigned counsel, and for his Motion for Default Judgment pursuant to Section 517.131, RSMo., states:

1. The Dent County Circuit Clerk issued a summons to Defendant on December 6, 2024, which states, *inter alia*,

> You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

2. The summons and a copy of Plaintiff's verified petition were served on Defendant on January 2, 2025.

3. Defendant has not filed a pleading or other response to Plaintiff's verified petition or otherwise appeared in this action.

Electronically Filed - DENT CIRCUIT DIVISION - April 07, 2025 - 09:58 AM

WHEREFORE, Plaintiff moves the Court for a judgment by default against Defendant upon Plaintiff's verified petition, in the amount of $3,514.48 as prayed; and for such other and further relief as the Court deems just and proper in the premises.

*/s/Mark C. Fels*
Mark C. Fels
Missouri Bar No. 33271
LEGAL SERVICES OF SOUTHERN MISSOURI
3130 South Delaware Avenue
Springfield, Missouri 65804
Telephone: (417) 881-1397
Facsimile: (417) 881-2159
E-Mail: mfels@lsosm.org
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion for Default Judgment, the original of which was signed by me, and is being hereby certified pursuant to Supreme Court Rule 55.03, was electronically filed with the Court this 7th day of April, 2025, with electronic copies to all interested parties, and a paper copy to Defendant by regular U.S. Mail addressed as follows:

Postmaster General Louis DeJoy or his successor
475 L'Enfant Plaza SW
Washington, D.C. 20260-0010

*/s/ Mark C. Fels*
Mark C. Fels
Attorney for Plaintiff

Electronically Filed - DENT CIRCUIT DIVISION - April 07, 2025 - 09:58 AM

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 24DE-AC00321** |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Plaintiff's Motion for Default Judgment will be called for hearing before the Court on Tuesday, May 13, 2025, at 1:00 p.m., or as soon thereafter as counsel may be heard.

*s/s Mark C. Fels*
Mark C. Fels
Missouri Bar No. 33271
LEGAL SERVICES OF SOUTHERN MISSOURI
3130 South Delaware Avenue
Springfield, Missouri 65804
Telephone: (417) 881-1397
Facsimile: (417) 881-2159
E-Mail: mfels@lsosm.org
Attorney for Plaintiff

Electronically Filed - DENT CIRCUIT DIVISION - April 07, 2025 - 09:58 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Hearing, the original of which was signed by me, and is being hereby certified pursuant to Supreme Court Rule 55.03, was electronically filed with the Court this 7th day of April, 2025, with electronic copies to all interested parties, and a paper copy to Defendant by regular U.S. Mail addressed as follows:

Postmaster General Louis DeJoy or his successor
475 L'Enfant Plaza SW
Washington, D.C. 20260-0010

*k*
*s/sk MarkC.kFel/*
Mark C. Fels
Attorney for Plaintiff

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

FILED
MAY 13 2025
KRISTI CRAIG
CIRCUIT CLERK
DENT COUNTY, MO

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 24DE-AC00321** |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JUDGMENT**

NOW on this 13th day of May, 2025, Plaintiff's Motion for Default Judgment pursuant to Section 517.131, RSMo., comes on for hearing. Plaintiff appears in person and by his attorney, Mark C. Fels of Legal Services of Southern Missouri. Defendant, although duly served with summons and a copy of Plaintiff's verified petition on January 2, 2025, does not appear and remains in default. The Court takes judicial notice of Plaintiff's verified Petition, filed herein on November 19, 2024. The Court also takes judicial notice of Plaintiff's Motion for Default Judgment and Notice of Hearing, filed on April 7, 2025, the certificates of service on which recite that copies thereof were mailed to Defendant on that date.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that judgment is hereby entered for Plaintiff and against Defendant in the amount of

$3,514.48, together with his costs incurred herein, with interest thereon at the judgment rate of 9 % per annum from and after this date.

Date: 5/13/2025

The Honorable Nathan T. Kelsaw, Judge

Electronically Filed - DENT CIRCUIT DIVISION - June 27, 2025 - 10:58 AM

LSSM
PROVIDING QUALITY LEGAL AID

Legal Services of Southern Missouri
Springfield Office
3130 S. Delaware Ave.
Springfield, MO 65807

T 417.881.1397 T 800.444.4863
F 417.881.2159 F 877.686.9367

www.lsosm.org

June 27, 2025

Dent County Circuit Court Clerk
VIA E-filing only

**RE: Nathan G. Woods vs. United States Postal Service**
**Dent County Case Number: 24DE-AC00321**

Dear Clerk:

Please mail our office a certified copy of the Judgement entered in this case on May 13, 2025. Our client has filed a Certificate of Inability to Pay Costs, Fees, and Expenses so there should be no fee with this request.

If you have any questions, please do not hesitate to contact me. My direct number is 417-986-7725.

Sincerely,

*Kellye Fleming*

Kellye Fleming
Paralegal to Mark Fels, Attorney at Law
Kellye.fleming@lsosm.org

/kf

Electronically Filed - DENT CIRCUIT DIVISION - June 27, 2025 - 10:58 AM

LSSM
PROVIDING QUALITY LEGAL AID

Legal Services of Southern Missouri
Springfield Office
3130 S. Delaware Ave.
Springfield, MO 65807

T 417.881.1397 T 800.444.4863
F 417.881.2159 F 877.686.9367

www.lsosm.org

June 27, 2025

Dent County Circuit Court Clerk
VIA E-filing only

**RE: Nathan G. Woods vs. United States Postal Service**
**Dent County Case Number: 24DE-AC00321**

Dear Clerk:

Please mail our office a certified copy of the Judgement entered in this case on May 13, 2025. Our client has filed a Certificate of Inability to Pay Costs, Fees, and Expenses so there should be no fee with this request.

If you have any questions, please do not hesitate to contact me. My direct number is 417-986-7725.

Sincerely,

Kellye Fleming

Kellye Fleming
Paralegal to Mark Fels, Attorney at Law
Kellye.fleming@lsosm.org

/kf

6/27/25
Certified copy of judgment mailed on this date.

LSC Legal Services of Southern Missouri is proud to be a Legal Services Corporation (LSC) grantee. We may not expend any funds for any activities prohibited by the LSC Act. The LSC Act and regulations may be viewed at www.lsc.gov.

Electronically Filed - DENT CIRCUIT DIVISION - December 11, 2025 - 11:44 AM

IN THE CIRCUIT COURT OF DENT COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| NATHAN G. WOODS., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24DE-AC00321 |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNITED STATES' MOTION TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW Defendant United States of America, acting on behalf of its agency, United States Postal Service ("USPS"), by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and for its Motion to Set Aside Default Judgment states as follows:

1. Plaintiff filed this action seeking alleged back pay from 2022 in the amount of $3514.48. The United States of America was not properly served with a summons and petition in this action. The Notice of Service does not reflect that a summons was served upon the United States Attorney's Office for the Eastern District of Missouri or on the Attorney General of the United States. The Notice of Service was filed on February 3, 2025, indicating service was only obtained upon USPS national headquarters in Washington D.C.

2. Under Federal Rules of Civil Procedure, Rule 4(i), in order to serve the United States, the party must serve the United States Attorney for the district where the action is brought and also serve the Attorney General of the United States. At no point did Plaintiff ever serve the United States Attorney for the Eastern District of Missouri or the Attorney General of the United States

Electronically Filed - DENT CIRCUIT DIVISION - December 11, 2025 - 11:44 AM

at Washington, D.C. This failure renders improper the service upon the United States.

3. Proof of valid service is required for a valid judgment. Peralta v. Heights Medical Center Inc., 485 U.S. 80 (1988); Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). If a trial court determines that it does not have personal jurisdiction over a party, Rule 60(b)(4) requires the judgment to be set aside. Robinson Engineering Co., LTD Pension Plan & Trust v. George, 223 F.3d 445 (7th Cir. 2000). The court does not have discretion over whether to set aside the judgment. Id.

4. Fed. R. Civ. P. 55 allows a court to enter a default judgment against a party who does not appear in a case filed against it. However, pursuant to Rule 55(d), a party requesting a default judgment against a United States agency must prove it is entitled to relief by evidence. Under Rule 60(b), a party against whom a default judgment has been entered may move to set aside the default judgment where, among other instances, the judgment is void. Fed. R. Civ. P. 60(b)(4).

5. On May 13, 2025, this Court entered a Default Judgment against the defendant, USPS.

6. Pursuant to Missouri Supreme Court Rule 74.05, Entry of Default Judgment:

> (d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside….
> … "Good Cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process…

Defendant United States of America, on behalf of its agency, USPS, has demonstrated both a meritorious defense of improper service and good cause shown that there is no intentional or reckless design to impede the judicial process. Upon this court setting aside the default judgment entered in this case, in the interest of justice and judicial efficiency, Defendant United States of

Electronically Filed - DENT CIRCUIT DIVISION - December 11, 2025 - 11:44 AM

America, on behalf of its agency, USPS, will file with this court a Notice of Filing a Notice of Removal to the District Court of the Eastern District of Missouri.

7. The Notice of Removal that will be filed in federal court is brought pursuant to 28 U.S.C. § 1442(a)(1). As set forth in 28 U.S.C.§ 1442(a)(1), a civil action commenced in a state court against the United States or "any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an individual capacity for any act under color of such office . . ." may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."

WHEREFORE, based on the forgoing meritorious defense and good cause shown, Defendant United States of America, on behalf of its agency, United States Postal Service, respectfully moves this Court to set aside the default judgment entered on May 13, 2025, for improper service; and that Defendant United States will file its Notice of Filing a Notice of Removal immediately following the setting aside of the default judgment for improper service, and for such other and further orders as the Court may deem necessary.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN #43839
Chief, Civil Division
Assistant United States Attorney
111 South 10th Street, Suite 20.333
St. Louis, MO 63102
Tel: (314) 539-7637
Fax: (314) 539-2287
E-mail: nicholas.llewellyn@usdsoj.gov

Electronically Filed - DENT CIRCUIT DIVISION - December 11, 2025 - 11:44 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, the foregoing was filed electronically with the Clerk of the Circuit Court to be served upon the following:

Mark C. Fels
Legal Services of Southern Missouri
mfels@lsosm.org

*/s/ Nicholas P. Llewellyn*
Nicholas P. Llewellyn

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 24DE-AC00321** |
| **vs.** | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW Plaintiff Nathan G. Woods, by and through his undersigned counsel, and respectfully submits the following suggestions in opposition to Defendant United States Postal Service's Motion to Set Aside Default Judgment:

***Background***

Plaintiff filed this action on November 19, 2024. He filed a Motion for Appointment of Special Process Server on December 5, 2024, requesting appointment of Marquis Harris of Baltimore, Maryland, and Mr. Harris was appointed by order of the court that same day. On February 3, 2025, Mr. Harris' return of service was filed, showing that, on January 2, 2025, he served Defendant by delivering a copy of the summons and petition to Roland Richardson, "Executive Legal Admin" at 475 L'Enfant Plaza SW Washington, D.C. On April 7, 2025, Plaintiff filed a Motion for Default Judgment and a Notice of Hearing for a hearing on May 13, 2025. As the certificates of service on both the motion and notice reflect,

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

copies of the same were mailed to Defendant at the same address specified in the original summons: 475 L'Enfant Plaza SW, Washington, D.C. 20260-0010. The motion and notice were mailed 36 days before the specified hearing date.

Undersigned counsel for Plaintiff had learned of Mr. Harris' availability as a process server in the Washington D.C. area through a Casenet search of cases filed against Defendant in Missouri state courts. In *Brooks v. United States Postal Service*, Clinton County Case No. [redacted], the plaintiff had Mr. Harris appointed as a special process server and his return showed that he served Defendant on July 18, 2022, by delivering a copy of the summons and petition to Lamont Pearson, Administrative Assistant at 475 L'Enfant Plaza SW, Washington, DC 20260. On October 31, 2022, the plaintiff filed a motion for interlocutory judgment of default and a notice of hearing, for a hearing on December 8, 2022. On December 5, 2022, Defendant, represented by the office of the United States Attorney for the Western District of Missouri, filed a Notice of Removal to federal court. ***Defendant did not challenge the service of process made by Mr. Harris in that case.***

Similarly, in *Byrd v. United States Postal Service*, City of St. Louis Case No. [redacted], service was made on Defendant on March 3, 2025, by delivery of the summons and a copy of the petition to an individual in Defendant's St. Louis office at 1720 Market Street. ***Without challenging the manner of service***, Defendant, represented by the office of the United States Attorney for the Eastern

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

District of Missouri, filed a Notice of Removal on March 31, 2025.

***Discussion***

As Defendant acknowledges in paragraph 6 of its Motion, Rule 74.05(d) of the Missouri Rules of Civil Procedure ("MRCP"), governs when a default judgment may be set aside:

> "Upon motion ***stating facts*** constituting a meritorious defense ***and*** for good cause shown, an interlocutory order of default or a default judgment may be set aside. 'Good cause' includes ***a mistake or conduct*** that is not intentionally or recklessly designed to impede the judicial process." (Emphasis added.)

As stated in ***Plasmeier v. George***, 575 S.W.3d 485 (Mo. App. 2019),

> "Rule 74.05(d) provides that a default judgment may be set aside upon motion stating facts constituting a meritorious defense and for good cause shown. ***In re Marriage of Callahan***, 277 S.W.3d 643, 644 (Mo. banc 2009). Additionally, Missouri courts have repeatedly and consistently held that some evidence—whether by affidavit, live testimony, or a verified motion—must be put forward supporting Rule 74.05(d)'s good cause and meritorious defense elements in order for a party to get out from under a default judgment. ***Court of 5 Gardens Condo. Ass'n v. 10330 Old Drive , LLC***, 326 S.W.3d 834, 837 (Mo. App. E.D. 2010) ("The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion."); ***Universal Credit Acceptance, Inc. v. Randall***, 541 S.W.3d 726, 731 (Mo. App. E.D. 2018) ("Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the trial court has no basis for granting the motion."); ***Bryant v. Wahl***, 502 S.W.3d 9, 13 (Mo. App. W.D. 2016) ("A motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony.")."

The facts to which the court in ***Plasmeier*** applied these standards are similar to those in this case:

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

> "Here, it is undisputed that George did not produce any affidavit or sworn testimony in support of his motion to set aside the default judgment and the motion itself was not verified. Instead, George's motion makes three entirely conclusory allegations that no service occurred, ***that service was improper***, and disputing the amount of Plasmeier's damages. Accordingly, George failed to carry his burden under Rule 74.05(d) and the trial court erred in granting George's motion to set aside the default judgment." (Emphasis added.)

Defendant contends it "has demonstrated both a meritorious defense of improper service and good cause shown that there is no intentional or reckless design to impede the judicial process." However, Defendant fails to make any showing of good cause as to why it did not timely respond to the summons and petition which it impliedly admits it received when it states in its Motion to Set Aside Default Judgment that "[t]he Notice of Service was filed on February 3, 2025, ***indicating service was only obtained upon USPS national headquarters in Washington D.C."*** (Emphasis added.)

Moreover, Defendant's claimed defense of improper service is erroneously based on the applicability of the Federal Rules of Civil Procedure ("FRCP") to this action. Thus, in paragraph 2 of its Motion to Set Aside Default Judgment, Defendant states, '[u]nder [FRCP] Rule 4(i), in order to serve the United States, the party must serve the United States Attorney for the district where the action is brought and also serve the Attorney General of the United States." However, Rule 1 of the FRCP, entitled "Scope and Purpose," provides, in pertinent part, "[t]hese rules govern the procedure in all civil actions and proceedings ***in the United States district courts***,

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

except as provided in Rule 81." (Emphasis added). Rule 81(c), regarding removed actions, provides in subdivision (1), "[t]hese rules apply to a civil action ***after it is removed from a state court***." (Emphasis added.) Thus, the FRCP have no application to this case unless and until it is removed to a federal court.

The rule that does govern service of process in this case is Rule 54.14 of the Missouri Rules of Civil Procedure ("MRCP"), which provides, in pertinent part:

> **54.14 | Personal Service Outside the State**
>
> (a) **By Whom Made**. Personal service outside the state shall be made:
>
> (1) By a person authorized by law to serve process in civil actions within the state or territory where such service is made, or by the deputy of a person so authorized;
>
> (2) By a person appointed by the court in which the action is pending.
>
> (b) **Upon Whom**. The service of process shall be made as provided in Rule 54.13(b).

Rule 54.13(b)(4), in turn, provides that service shall be made "[u]pon a public, municipal, ***governmental*** or quasi-public corporation or body, by delivering a copy of the summons and petition "***to the chief executive officer in the case of any public, municipal, governmental or quasi-public corporation or body*** or to any person otherwise lawfully so designated." (Emphasis added.)

Plaintiff's counsel determined that the appropriate person to serve on behalf of Defendant was the Postmaster General at the time, Louis DeJoy. (See: https://about.usps.com/newsroom/national-releases/2025/0324-usps-pmg-ceo-

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

leadership-transition.htm). Plaintiff's special process server, Mr. Harris, served a person designated "Executive Legal Admin" in the office of the Postmaster General, just as he had served a person designated "Administrative Assistant" in *Brooks v. United States Postal Service*, *supra,* in which Defendant made no challenge to service.

Defendant challenges the propriety of the entry of default judgment in this case, again erroneously relying on the inapplicable FRCP:

> "[FRCP] 55 allows a court to enter a default judgment against a party who does not appear in a case filed against it. However, pursuant to Rule 55(d), a party requesting a default judgment against a United States agency must prove it is entitled to relief by evidence. Under Rule 60(b), a party against whom a default judgment has been entered may move to set aside the default judgment where, among other instances, the judgment is void."

MCRP Rule 74.05 is the rule that governs the entry and setting aside of default judgments in Missouri state courts. Rule 74.05(a) and (c) provide:

> **"(a) Entry of Default Judgment**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party. The entry of an interlocutory order of default is not a condition precedent to the entry of a default judgment.
>
> **(c) Default Judgment May Include**. A default judgment may include an award of damages, other relief, or both."

The judgment in this case was based on evidence in the form of Plaintiff's verified petition, of which the Court took judicial notice, as stated in the judgment:

Electronically Filed - DENT CIRCUIT DIVISION - March 09, 2026 - 03:09 PM

> "The Court takes judicial notice of Plaintiff's verified Petition, filed herein on November 19, 2024. The Court also takes judicial notice of Plaintiff's Motion for Default Judgment and Notice of Hearing, filed on April 7, 2025, the certificates of service on which recite that copies thereof were mailed to Defendant on that date."

The judgment was for the exact amount stated in the verified petition, $3,514.48.

***Conclusion***

For all the foregoing reasons, Plaintiff respectfully submits that Defendant's Motion to Set Aside Default Judgment should be denied.

Respectfully submitted,

*/s/ Mark C. Fels*
Mark C. Fels
MO Bar No. 33271
Legal Services of Southern Missouri
3130 South Delaware Avenue
Springfield, Missouri 65804
Telephone: (417) 881-1397
Facsimile: (417) 881-2159
mfels@lsosm.org
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Petitioner's Suggestions in Opposition to Defendant's Motion to Set Aside Default Judgment, the original of which was signed by me, and is being hereby certified pursuant to Supreme Court Rule 55.03, was electronically filed with the Court this 9th day of March, 2026, with electronic copies to all interested parties.

*/s/ Mark C. Fels*
Mark C. Fels
Attorney for Plaintiff

Electronically Filed - DENT CIRCUIT DIVISION - April 09, 2026 - 12:15 PM

IN THE CIRCUIT COURT OF DENT COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| NATHAN G. WOODS., Plaintiff, | ) | Case No. 24DE-AC00321 |
| v. | ) | |
| UNITED STATES POSTAL SERVICE, Defendants. | ) | |

**DEFENDANT UNITED STATES POSTAL SERVICE'S REPLY TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT**

COMES NOW Defendant United States of America, acting on behalf of United States Postal Service ("USPS"), by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and for its Reply to Plaintiff's Suggestions in Opposition to Defendant's Motion to Set Aside Default Judgment states as follows:

Plaintiff's Opposition to Defendant's Motion to Set Aside Default Judgment clearly and admittedly demonstrates that service upon the United States Postal Service was improper as neither the United States Attorney's Office was served nor was the Attorney General of the United States at Washington, D.C. Fed.R.Civ.P. 4(i). Plaintiff is simply wrong by arguing that Defendant's motion is "erroneously relying on the inapplicable FRCP…"

Plaintiff sued the United States Postal Service in state court and with regard to service of process, federal law obligated Plaintiff to serve entities outlined in Fed.R.Civ.P. 4(i) even when sued in state court. Cerna v. Potter, No. 1:05cv380 WCL, 2006 WL 8452003 *1 (N.D.IN. March 21, 2006) (citing 39 U.S.C. §409(b) (citations omitted). 39 U.S.C. § 409 is specifically for "Suits

Electronically Filed - DENT CIRCUIT DIVISION - April 09, 2026 - 12:15 PM

by and against the Postal Service." "Title 39 U.S.C. § 409(b) defines the 'necessary' parties to be served when suing the United States Postal Service as follows:

> (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, *shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties*.39 U.S.C. §409(b)" (emphasis added). Cerna v. Potter at *2.

Under Fed.R.Civ.P. 4(i), in order to *effectively* serve the United States, Plaintiff had to serve the United States Attorney for the district where the action is brought and also serve the Attorney General of the United States. Plaintiff's own admission demonstrates that at no point did Plaintiff ever serve the United States Attorney for the Eastern District of Missouri or the Attorney General of the United States at Washington, D.C. and no supporting affidavit should be required in this case to bolster Plaintiff's admission. Plaintiff's lack of proper service of process upon the United States, as well as the Postal Service under 39 U.S.C. §409(b), is fatal to Plaintiff's state court complaint against the Postal Service. Thus, the default judgment entered against the Postal Service must be set aside as proof of valid service is required for a valid judgment. Peralta v. Heights Medical Center Inc., 485 U.S. 80 (1988); Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). If a trial court determines that it does not have personal jurisdiction over a party, Rule 60(b)(4) requires the judgment to be set aside. Robinson Engineering Co., LTD Pension Plan & Trust v. George, 223 F.3d 445 (7th Cir. 2000). The court does not have discretion over whether to set aside the judgment. Id.

Defendant United States of America, on behalf of its agency, USPS, has clearly demonstrated good cause due to the meritorious defense of improper service and has shown that there is no intentional or reckless design to impede the judicial process.

Electronically Filed - DENT CIRCUIT DIVISION - April 09, 2026 - 12:15 PM

WHEREFORE, based on the forgoing meritorious defense of improper service of process and good cause shown, Defendant United States of America, on behalf of its agency, United States Postal Service, respectfully moves this Court to set aside the default judgment entered on May 13, 2025, and that the United States will file its Notice of Filing a Notice of Removal immediately following the setting aside of the default judgment for improper service, and for such other and further orders as the Court may deem necessary.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN #43839
Chief, Civil Division
Assistant United States Attorney
111 South 10th Street, Suite 20.333
St. Louis, MO 63102
Tel: (314) 539-7637
Fax: (314) 539-2287
E-mail: nicholas.llewellyn@usdsoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, the foregoing was filed electronically with the Clerk of the Circuit Court to be served upon the following:

Mark C. Fels
Legal Services of Southern Missouri
mfels@lsosm.org

*/s/ Nicholas P. Llewellyn*
Nicholas P. Llewellyn

Electronically Filed - DENT CIRCUIT DIVISION - July 08, 2026 - 09:28 AM

**IN THE CIRCUIT COURT OF DENT COUNTY, MISSOURI**

| | | |
|---|---|---|
| **NATHAN G. WOODS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 24DE-AC00321** |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Defendant's Motion to Set Aside Default Judgment will be called for hearing before the Court on Tuesday, August 4, 2026, at 1:00 p.m., or as soon thereafter as counsel may be heard.

*/s/Mark C. Fels*
Mark C. Fels
Missouri Bar No. 33271
LEGAL SERVICES OF SOUTHERN MISSOURI
3130 South Delaware Avenue
Springfield, Missouri 65804
Telephone: (417) 881-1397
Facsimile: (417) 881-2159
E-Mail: mfels@lsosm.org
Attorney for Plaintiff

Electronically Filed - DENT CIRCUIT DIVISION - July 08, 2026 - 09:28 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Hearing, the original of which was signed by me, and is being hereby certified pursuant to Supreme Court Rule 55.03, was electronically filed with the Court this 8th day of July, 2026, with electronic copies to all interested parties.

*/s/ Mark C. Fels*
Mark C. Fels
Attorney for Plaintiff

| | | | |
|---|---|---|---|
| **Description** | Nathan Woods v United States Postal Service, Case No. 24DE-AC00321<br>Judge: Nathan Kelsaw<br>Clerk: Kristi Craig<br>APLT: Mark Fels<br>ADFT: Nicholas Llewellyn<br>Hearing on Motion to Set Aside Judgment | | |
| **Date** | 8/4/2026 | **Location** | [DENWC00006] |

| Time | Speaker | Note |
|---|---|---|
| 1:29:21 PM | Judge | Opening remarks |
| 1:29:49 PM | APLT | Entry of Appearance |
| 1:29:56 PM | ADFT | Entry of Appearance |
| 1:30:01 PM | Judge | Remarks regarding Motion to Set Aside Judgment |
| 1:30:23 PM | ADFT | Argument for motion |
| 1:35:20 PM | APLT | Argument against motion |
| 1:36:42 PM | Judge | Remarks |
| 1:37:11 PM | ADFT | Further argument |
| 1:37:28 PM | Judge | Question of APLT |
| 1:37:37 PM | APLT | Further argument |
| 1:38:52 PM | ADFT | Further argument |
| 1:39:25 PM | APLT | Further argument |
| 1:41:07 PM | Judge | Remarks about good cause |
| 1:41:15 PM | APLT | Further argument |
| 1:41:37 PM | Judge | Further remarks |
| 1:42:02 PM | ADFT | Further argument |
| 1:42:11 PM | Judge | Further remarks |
| 1:42:28 PM | ADFT | Remarks |
| 1:42:48 PM | Judge | Findings - good cause shown |
| 1:44:07 PM | ADFT | Can't waive service |
| 1:44:18 PM | Judge | Further findings |